RHODE ISLAND RAYON COMPANY *vs.* EUGENE L. BERTRAND.

EUGENE L. BERTRAND *vs.* RHODE ISLAND RAYON COMPANY.

FEBRUARY 12, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J. This is a workmen's compensation case in which, after a preliminary agreement for total compensation was approved on February 14, 1951 and had been in effect for several months, the employer on October 30, 1951 filed a petition for review thereof on the ground that the em-

ployee's incapacity had ended or diminished. On March 13, 1952 the employee filed a petition for medical fees. These petitions were heard together in the superior court which thereafter entered two decrees, one discontinuing compensation and the other denying and dismissing the employee's petition. From each decree the employee has appealed to this court.

According to the preliminary agreement the employee, a pipe fitter, was totally incapacitated on December 11, 1950 as a result of the explosion of a pipe containing acid. The injuries which he received are described in the agreement as burns of face, ears and neck and "concussion of head." At the time of the trial in the superior court he had fully recovered from such burns and was no longer incapacitated by reason thereof. The employee contended, however, that he was still incapacitated by traumatic neurosis which he claimed arose out of or flowed from the "concussion of head." The employee claimed that such term meant concussion of the brain and he presented medical testimony in support thereof. The trial justice so found. Therefore for the purposes of this case, the employee's claim of an incapacitating, neurotic condition is based upon his having suffered a concussion of the brain as a result of the accident.

By reason of such finding in the decision, the only question remaining for the trial justice to determine on the employer's petition for review was whether the employee was suffering from a traumatic neurosis which was caused by or flowed from any of the physical injuries set out in the preliminary agreement and if so whether such neurosis incapacitated him from work in whole or in part. The employee contended that his nervous condition or neurosis was caused by the concussion of the brain, which is a trauma according to the medical testimony. Some confusion was caused by the testimony of two medical witnesses presented by the employer to the effect that they found no evidence of brain concussion. As we read the trial justice's rescript, such testi-

mony seems to have carried weight with him notwithstanding he expressly found that the term "concussion of head" in the preliminary agreement meant concussion of the brain. Regardless, therefore, of any testimony to the contrary he was bound, on hearing the instant petition for review, to accept as conclusive the statement that the employee sustained a concussion of the brain as a result of the accident.

The controlling question, therefore, is whether the trauma involved in that injury caused the employee's nervous condition. All the medical witnesses agreed that he had a nervous condition. Two psychiatrists, Dr. Solomon Frumson and Dr. Thomas L. Greason, were presented as experts by the employee. They agreed that he was suffering from a traumatic neurosis. There was no counter expert testimony on this point.

Doctor Frumson testified that he examined the employee on May 3, 1952; that he received a history from him of the accident and his physical injuries and also of his present symptoms; and that from such history and *his observation of the employee* he formed the opinion he was suffering from a traumatic neurosis. He further testified that such opinion was based on his observation of the employee during the examination and on his subjective symptoms. The doctor also testified that he had made a second examination outside the courtroom on the day of the hearing, February 11, 1953, and at that time he found the employee still suffering from traumatic neurosis. He was not expressly asked whether in his opinion such neurosis was caused by the injuries sustained in the accident. There was, however, no evidence that he had received from the employee a history of any other trauma in addition to that which he suffered in the accident. On final cross-examination the doctor admitted that he had never treated the employee but that he did suggest to his counsel a certain form of treatment.

Doctor Greason, who was appointed by the director of

labor as an impartial examiner, examined the employee on September 14, 1951. He reported that *based on his observation of the employee* during the examination, the history of the accident, and the subjective symptoms, he concluded that he was suffering from traumatic neurosis. While Dr. Greason did not expressly specify the trauma which was the cause of the neurosis he did state in his report: "It would seem to the undersigned examiner that as a result of the accident in question, the subject named man is disabled and that he cannot be expected in his present condition to return to his former occupation. As a matter of fact at the present time he is not employable because of his neurotic pattern of reaction."

We construe such statement to mean that the employee's neurotic condition was caused by the injuries he received as a result of the accident. It is difficult to understand how it could fail to convey such meaning. For this reason, as far as Dr. Greason's report is concerned, we think the trial justice was in error when, in his rescript, referring to Dr. Frumson and Dr. Greason, he said: "The net result of their testimony is that respondent was at the time of examination suffering from traumatic neurosis, but neither stated that it flowed from or was caused by the accident." While the latter portion of that statement may be a fair comment on Dr. Frumson's testimony, it is clearly incorrect to apply it to Dr. Greason's report.

At the same point in his rescript the trial justice, with reference to the cause of employee's neurosis, stated: "For all that appears in evidence it could have been caused by an earlier or later traumatic experience." He thus indicated that there was a doubt in his mind whether the trauma which the employee experienced as a result of the accident caused the neurotic condition which the psychiatrists found. But this is pure conjecture on his part. There is no evidence in the record of any other trauma before or after the accident or any evidence from which such an inference could

reasonably be drawn. On the contrary it is undisputed that the employee had worked steadily before the accident, and that he first experienced his nervous symptoms shortly thereafter. In our opinion the neuropsychiatric evidence relates solely to the trauma that the employee is suffering from as a result of the accident. That evidence is to the effect that he is incapacitated by a neurosis caused by such trauma and it is not contradicted by similar competent evidence.

We are, therefore, of the opinion that the trial justice erred in granting the employer's petition for review, because there is no legal evidence upon which he could base his finding that the employee was not suffering from a traumatic neurosis that grew out of and was caused by the accident. Since the only competent evidence is definitely to the effect that he was so suffering and that by reason of such neurosis he is unable to work at his former employment and is unemployable, the trial justice should have so found.

The employee's petition for medical fees was based upon the fact that he had been treated by Dr. Louis R. Brenner. This doctor, however, does not appear to have treated him either for the physical injury or for the traumatic neurosis but for an arthritic condition in his spine. In fact Dr. Brenner is neither a general medical practitioner nor a psychiatrist but is an osteopath. Among other reasons for denying and dismissing the employee's petition, the trial justice expressly found "that the medical treatment administered by Dr. Brenner was not made necessary by the accident occurring on December 11, 1950 nor by the injuries stated in the agreement of February 6, 1951 * * *." We are of the opinion that there was legal evidence to support such finding and, therefore, the trial justice did not err in denying and dismissing the petition for such medical fees.

The employee's appeal from the decree in the case of Rhode Island Rayon Company v. Eugene L. Bertrand,

320

Equity No. 2240, granting the employer's petition for review is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a new decree denying and dismissing the petition.

The employee's appeal from the decree in the case of Eugene L. Bertrand v. Rhode Island Rayon Company, Equity No. 2241, is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court.

*Francis V. Reynolds, Richard P. McMahon,* for employer.

*Edward F. Dwyer, Irving I. Zimmerman,* for employee.